# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MALCOLM R.L. MELVIN III, )
)
    Plaintiff, )
)
v. ) Case No. 20-03077-CV-W-RK-P
)
BUREAU OF PRISONS, et al., )
)
    Defendants. )

## ORDER

Plaintiff, who currently is incarcerated in the United States Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri, has filed pro se this civil rights action pursuant to *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking relief for certain claimed violations of his federally protected rights. For the reasons set forth below, Plaintiff's complaint is summarily dismissed without prejudice to refiling.

### I. Background

In the caption of his complaint, Plaintiff names as defendants (1) Bureau of Prisons ("BOP") and (2) Bureau of Prisons Unknown Staffmembers. Plaintiff appears to allege that he was sexually assaulted by staff members at the prison on two occasions on January 27, 2020, by finger penetration into his rectum. Plaintiff alleges he had been in a fight and states that officers refused to decontaminate him and that spray was in his eyes. Plaintiff includes the names of two officers within the body of the complaint based on their voices and indicates a third was not identifiable. Based on Plaintiff's omission of the two names from the caption and the general description of "Unknown Staffmembers," it is unclear whether Plaintiff is asserting that other individuals were involved, and if so, it is unclear how many individuals he alleges were involved. It is further unclear who Plaintiff wishes to name as defendants, either as a known defendant or an unknown defendant.

As to grievance procedures, on the portion of the complaint requiring Plaintiff to state the date Plaintiff's claims were presented, how they were presented, and the result of the procedure, Plaintiff provided: "I wrote Administrative Remedies on January 31, 2020, to no avail. I also

wrote Congressman Wm. Lacy Clay, Jr. and Senator Kay Hagen and Senator Eleanor Holmes as well as AG William Bell." Doc. 1 at 2.

For relief, Plaintiff seeks $40,000.

Further facts are set forth as necessary.

**II.     Standard**

Pursuant to 28 U.S.C. § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. When determining whether a plaintiff should be allowed to proceed *in forma pauperis*, the Court uses a two-step process. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the Court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). *Id.* Second, if the plaintiff does so qualify, the Court considers whether the complaint nonetheless should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *Id*. (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)).

**III.    Discussion**

**A.  $350 filing fee**

On March 25, 2020, the Court granted Plaintiff leave to proceed in forma pauperis and ordered Plaintiff to pay an initial partial filing fee of $3.33 on or before April 8, 2020. Doc. 5. In response, Plaintiff filed what this Court construes as a request to waive the initial partial filing fee, arguing that he is without funds to pay the initial partial filing fee due to an encumbrance on his account. Doc. 6. Plaintiff's request is granted.  However, upon review, the Court finds that the complaint must be dismissed without prejudice for the reasons set forth below.  Plaintiff is advised that if he makes any further filings or submissions in this case, the Court will order the collection of the entire $350 filing fee through automatic deductions from Plaintiff's inmate account without further notice.

**B.  Pleading Deficiencies**

In reviewing a pro se complaint at this early stage, the Court gives the complaint the benefit of every doubt, no matter how unlikely.  *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A "pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties.'"  *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (citations omitted).  However, this standard does not excuse pro se complaints from alleging

"sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *see Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (holding that pro se complaint fell "short of meeting even the liberal standard for notice pleading" where it was "entirely conclusory" and gave "no idea what acts the individual defendants were accused of that could result in liability").

To state a claim, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

After review of the complaint, the Court determines there are several pleading deficiencies. First, Plaintiff's complaint runs afoul of Federal Rules of Civil Procedure 8 and 10 in that Plaintiff's complaint fails to (1) clearly name the defendants in the case caption, (2) contain a short, plain statement of facts supporting each legal claim against each defendant, and (3) include sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8 and 10.

Here, it is unclear how many individuals or entities Plaintiff seeks to name as defendants. In the caption, Plaintiff broadly names the BOP and BOP Unknown Staffmembers. Two individuals mentioned within the body of the complaint may or may not be intended defendants, and Plaintiff references a third unknown individual. Relatedly, the complaint contains no numbered allegations, and Plaintiff has failed to plead his claim including the supporting facts so as to allow the Court and each individual to understand the scope and nature of the allegations, let alone who Plaintiff intends to name as a defendant. Hence, the complaint is subject to dismissal pursuant to Rule 8 and 10, because it contains vague or conclusory allegations. *See also Iqbal*, 556 U.S. at 678.

Second, the BOP is an improper defendant. That is because *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

Third, to the extent Plaintiff seeks to recover from any defendant based on his or her supervisory role, Plaintiff is advised that "[s]ection 1983 [and cases filed pursuant to *Bivens*] will not support a claim based on a *respondeat superior* theory of liability." *Polk Cnty. v. Dodson*, 454 U.S. 312, 454 (1981). Rather, such liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). A supervisor's "mere knowledge of his subordinate's" illegal acts is an insufficient basis for *Bivens* liability. *Iqbal*, 556 U.S. at 676-77. Thus, a claim based on a theory of *respondeat superior* is not actionable under *Bivens*. *Iqbal*, 556 U.S. at 676 (noting that vicarious liability is inapplicable to civil rights suits); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Rather than order Plaintiff to file an amended complaint remedying his pleading deficiencies, the Court in its experience finds that dismissal without prejudice in this case is the better avenue because the face of the complaint indicates that Plaintiff likely has failed to exhaust his administrative remedies. A prisoner may not sue in federal court without first completing any administrative process available to him. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that "exhaustion in cases covered by § 1997e(a) is now mandatory"); *Woodford v. Ngo*, 548 U.S. 81, 84–85 (2006). The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. *See* 42 U.S.C. § 1997e(a) (providing that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford*, 548 U.S. at 90 (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so *properly* (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding that "if exhaustion was not completed at the time of filing, dismissal is mandatory").

There are few exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). However, an inmate's subjective belief about the

effectiveness of the grievance process does not excuse a failure to exhaust, nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). Exhaustion requirements may vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 91. That means that Plaintiff must have fully complied with the specific grievance procedural requirements of the prison where he was housed during the alleged wrongdoing. *See Woodford*, 548 U.S. at 91. The PLRA requires an inmate to exhaust the prison grievance process even when the only relief sought is that for which the grievance process will not provide. *Booth*, 532 U.S. at 734. Furthermore, a court may dismiss a complaint for failure to exhaust administrative remedies if it is plain on the face of the complaint that a grievance procedure is unexhausted. *See Jones*, 549 U.S. at 214-16 (clarifying that a court may dismiss a complaint for failure to exhaust administrative remedies if the allegations in the complaint sufficiently establish that exhaustion requirements have not been met).

The BOP provides an administrative remedy program to allow inmates to seek formal review of an issue relating to any aspect of his or her confinement. 28 C.F.R. § 542.10. A general overview of that program is as follows:[1] The first step in the administrative remedy process is for an inmate to present his or her concern informally to a staff member, and the staff member must attempt to informally resolve the issue before the inmate files a Request for Administrative Remedy. 28 C.F.R. § 542.13(a). If the inmate's concern is not resolved informally within twenty calendar days following the date on which the basis for the Request occurred, the inmate must, within the same twenty calendar days, file a formal written Administrative Remedy Request on a BP-9 form. 28 C.F.R. § 542.14(a). When the inmate demonstrates a valid reason for delay, the filing deadline may be extended. 28 C.F.R. § 542.14(b). The Coordinator at any level of the remedy program may reject a request or appeal if it does not meet any requirement of the program. 28 C.F.R. § 542.17.

If the inmate is not satisfied with the Warden's response to the BP-9, the inmate may appeal to the Regional Director on a BP-10 form, within twenty days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the inmate is also dissatisfied with the Regional Director's

---

[1] Much of the description of the BOP's exhaustion requirements is drawn from *Sheridan v. Rios*, No. 09–844 JMR/FLN, 2010 WL 3862837 (D. Minn. Aug. 18, 2010), without further citation.

response, the inmate may file an appeal with the Office of General Counsel on a BP-11 form, within thirty days of the Regional Director's response. *Id*. The Office of General Counsel must respond within forty calendar days, unless written notice of a twenty-day extension is provided to the inmate. 28 C.F.R. § 542.18. If an inmate does not receive a response within the time allotted for reply, the inmate may consider the lack of response to be a denial at that level. *Id*. After the Office of General Counsel responds or fails to respond within the allotted time, including extension, the inmate has exhausted his administrative remedies.

Here, based on the Court's experience, the face of the complaint strongly suggests that although Plaintiff may have initiated the grievance process, he likely has not exhausted his administrative remedies. First, Plaintiff signed his complaint on March 10, 2020, regarding allegations he says he grieved on January 31, 2020, only about six weeks earlier. Second, the complaint form instructs that Plaintiff state the claims he presented, the date they were presented, and how they were presented and to attach a copy of the final result. In response, Plaintiff merely states, "I wrote Administrative Remedies on January 31, 2020, to no avail. I also wrote Congressman Wm. Lacy Clay, Jr. and Senator Kay Hagen and Senator Eleanor Holmes as well as AG William Bell." Doc. 1 at 2. Setting aside that Plaintiff did not attach a copy of the final result, Plaintiff provides no description of the claims or how he presented the claims. Instead of providing this information, Plaintiff states that he wrote various elected officials and the Attorney General. Contacting those individuals does nothing to further the exhaustion requirement. *See Woodford*, 548 U.S. at 89 (noting that the purposes of the exhaustion requirement are to allow agencies to correct their own mistakes without being haled into federal court and to promote efficiency). Finally, Plaintiff's broad statement that he "wrote Administrative Remedies . . . to no avail" does not allege facts indicating that he may be excused from the exhaustion requirement.

Accordingly, the Court finds that dismissal without prejudice is appropriate so that Plaintiff can correct his pleading deficiencies and have the opportunity to ensure he has exhausted his administrative remedies and/or to describe the claims he presented, how he presented the claims, or any deficiencies or problems regarding his attempts at exhaustion.

**IV. Conclusion and Notice Concerning $505 Appellate Filing Fee**

For the reasons explained above, this case is dismissed without prejudice. Plaintiff may re-file a new action after exhausting his administrative remedies that is compliant with the pleading standards set forth above. Again, Plaintiff is advised that if he makes any further submissions in

this case, the Court will order the collection of the entire $350 filing fee through automatic deductions from Plaintiff's inmate account.

Plaintiff is further advised that if he appeals this dismissal, in addition to the $350 filing fee in the district court, federal law now "'makes prisoners responsible for [appellate filing fees of $505] the moment the prisoner . . . files an appeal.'" *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to *Henderson*, Plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full . . . appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

*Id*. at 484.

For the reasons set forth above, Plaintiff's case is dismissed without prejudice.

**IT IS SO ORDERED.**

                                            s/ Roseann A. Ketchmark
                                            ROSEANN A. KETCHMARK, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: April 27, 2020